(No. 1461— )

J. M. BLACKFORD, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1931.*

EDWARD PREE, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

On November 9, 1925, claimant was employed in the capacity of house-father at the St. Charles School for Boys at a salary of $80.00 per month. He was later promoted to the position of night deputy at a salary of $125.00 per month. These positions were and are under the provisions of the State Civil Service Act. On January 9, 1928, claimant was discharged, the statement reciting his discharge was for refusing to obey orders. He contends his discharge was illegal, and is asking this court to award him the amount of his salary from January 9, 1928.

Section 12 of the State Civil Service Act provides that no employee in the classified civil service of the State shall be removed, discharged or reduced in rank or pay by the appointing officer, except for just cause, and that the term "just cause" as used in that section means any cause which is detrimental to the public service other than political, racial or

religious. The section also provides that an employee who has been discharged may file with the Civil Service Commission, within five days after his discharge, a statement in writing alleging that his discharge was made for political, racial or religious causes, and the commission is then required to order a hearing upon the question. If, upon the hearing, the commission shall find the discharge was made for political, racial or religious causes it is required to enter an order reinstating the employee and directing the payment of all back salary due. If the commission shall find the discharge was not made for political, racial or religious causes the discharge shall stand and be final. Under the provisions of this section claimant had a full and adequate remedy to have the legality of his discharge passed upon by the officials appointed by law for that purpose. It will be noted the statute provides an employee may be discharged for "just cause" and that "just cause" means any cause detrimental to the public service other than political, racial or religious. The cause set forth in the statement was for refusing to obey orders. If he did refuse to obey orders such refusal would be detrimental to the public service. Claimant was given a copy of the statement showing the cause of his discharge. If he believed the statement was untrue and that his discharge was either for political, racial or religious reasons he should have filed with the Civil Service Commission a statement in writing alleging such facts and the commission would then have given him a hearing upon the question. He did not do so, and his discharge became final and effective. It is clear from the provisions of the Civil Service Act that the Legislature intended to clothe the Civil Service Commission with the sole authority to determine whether a discharged employee had been discharged for political, racial or religious causes and that the Court of Claims has no jurisdiction to pass upon the question.

The claim is therefore denied and the cause dismissed.